UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV64-EHJ

DAVID GROVES                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                      DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff David Groves' objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, the Decision of the Commissioner overturned, and the matter remanded for payment.

Mr. Groves filed applications for disability insurance and SSI benefits on August 5, 2003 alleging that he became disabled on July 27, 2003 as a result of asthma, COPD and bronchitis. After a hearing on August 12, 2004, Administrative Law Judge Thomas Bryan ("ALJ") found that Mr. Groves has severe impairments of asthma, chronic obstructive pulmonary disease and acute bronchitis. These impairments were not deemed to meet or medically equal listed impairments. Though he may not return to his previous relevant work, the ALJ found that Mr. Groves retains the residual functional capacity to perform sedentary work, despite noting that he should avoid even moderate exposure to fumes, odors, dusts, gases and poor ventilation.

The Commissioner has filed objections to the magistrate's report, arguing that the magistrate's recommendation of remand for payment does not comport with 42 U.S.C. §405(g) and Faucher v. Secretary of Health & Human Services, 17 F.3d 171 (6th Cir. 1994), and is simply a

means of punishing the Commissioner for not having called a vocational expert at the hearing in this case.  This Court disagrees with that assessment.  The Commissioner attempts to distinguish the present case from the Sixth Circuit's decision in <u>Shelman v. Heckler</u>, 821 F.2d 316 (6th Cir. 1987), but to no avail.  The Commissioner relies upon what is characterized as improvements in workplace conditions to discount the holding in <u>Shelman</u>, noting simply that air-conditioned work plants are more common now than they were in 1987 when <u>Shelman</u> was decided.

The magistrate's analysis appears to be entirely consistent with <u>Shelman</u>.  The Court declines to follow the Commissioner's suggested approach of ignoring Sixth Circuit precedent in this case.  The Court finds Mr. Groves' claim to be factually indistinguishable from <u>Shelman</u>, and accordingly remands this case for payment.  The magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted.